UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIAN JACOBS,

    Plaintiff,

v.                                           Case No.: 2:19-cv-476-FtM-38NPM

THOR MOTOR COACH, INC. and
FORD MOTOR COMPANY,

    Defendants.
_____/

### ORDER[1]

Before the Court is Plaintiff Adrian Jacobs' Motion to Remand. (Doc. 23). Defendants Thor Motor Coach, Inc. and Ford Motor Company oppose the Motion. (Docs. 30; 32). Also here is Thor's Motion to Transfer (Doc. 5) and Ford's Motion to Dismiss (Doc. 14). The parties do not address which Motion to tackle first; therefore, the Court begins with the jurisdictional challenge in the Motion to Remand.

This is a breach of warranty case under the Magnuson-Moss Warranty Act ("MMWA"). (Doc. 3). Jacobs purchased a defective recreational vehicle ("RV") for $200,218. (Doc. 3 at 2, 4-5). The RV "contains unrepaired manufacturing defects and cannot be utilized for personal, family, and/or household use." (Doc. 3 at 3). So, Jacobs

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

filed his complaint, asserting two MMWA breach of warranty claims. (Doc. 3 at 8-12). The complaint does not specify the repair costs or diminished value of the RV. (Doc. 3). It does, however, plead that damages exceed the state-court jurisdictional minimum of $15,000. (Doc. 3 at 2). In the end, Jacobs seeks diminution in value, cost of repairs, incidental and consequential damages, interest, attorney's fees and costs, and any other relief "the Court deems just and appropriate." (Doc. 3 at 10, 12). Thor removed the case from state court. (Doc. 1). But Jacobs wants to go back. (Doc. 23).

Removal standards are narrowly construed, and all "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Unless clear from the complaint, the removing defendant bears a burden of establishing the amount in controversy at the time of removal. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). While defendants need not prove amounts in controversy "beyond all doubt," they must show amounts above the jurisdictional limit by preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752-54 (11th Cir. 2010) (noting that courts may make "reasonable inferences" over the amount in controversy, but cannot engage in "conjecture, speculation, or star gazing").

To be in federal court, an MMWA action must exceed $50,000. 15 U.S.C. § 2310(d)(3)(B). If it does not, the case should proceed in state court. *Id.* at § 2310(d)(1)(A). In any event, state law determines a plaintiff's damages. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1296, 1298 (11th Cir. 1999). State law sets the following measure of damages for a breach of warranty claim: the difference between the RV's value as warranted when accepted (i.e., the purchase price) and the defective RV's actual

2

value at the time of acceptance. See Fla. Stat. § 672.714(2); *Kia Motors Am., Inc. v. Doughty*, 242 So. 3d 1172, 1175-76 (Fla. Dist. Ct. App. 2018).

Thor argues the purchase price is the amount in controversy because the complaint alleged the RV "cannot be utilized for personal, family and/or household use." (Doc. 3 at 3). Since it cannot be used for those purposes, says Thor, the RV has no value. To be sure, a couple local cases agreed with little analysis. *Thurston v. Jayco, Inc.*, No. 8:19-cv-293-T-35JSS (M.D. Fla. May 2, 2019); *Johnson v. Thor Motor Coach, Inc.*, No. 8:18-cv-1146-T-26CPT (M.D. Fla. May 25, 2018). But others have not. *Carpenter v. Forest River, Inc.*, No. 8:18-cv-1622-T-36AEP, 2018 WL 8244571, at *3 (M.D. Fla. Aug. 15, 2018) (remanding an MMWA case for failing to show the jurisdictional minimum); *Braunm v. Winnebago Indus., Inc.*, No. 8:18-cv-1883-T-23SPF, 2019 U.S. Dist. LEXIS 12259, at *2-3 (M.D. Fla. Jan. 25, 2019) (same).[2] The Court agrees with the latter. Regardless of any defects, the Court will not construe Jacobs' allegation to mean that an RV valued at $200,218 two years ago is worth less than a penny today. As Jacobs notes, the RV has value even if defects prevent him from using the RV for its intended purpose. (Doc. 32 at 5-6, 10). Jacobs allegations bind him, but Thor's contortions of those allegations do not. Without more, the complaint alleging the RV "cannot be utilized for personal, family and/or household use" does not somehow imply that the RV is worthless.

Moreover, the amount in controversy is not as simple as looking at the purchase price because the complaint does not seek repurchase of the RV. (Doc. 3 at 10, 12).

---

[2] Neither opinion mentioned the fact, but the complaints in both cases contained identical allegations that the RV cannot be used for personal, family, or household purposes.

3

Along with interest and fees, the complaint seeks diminution in value, repair costs, and incidental and consequential damages, not repurchase or revocation. Thor contends the general demand for any other appropriate relief puts revocation or repurchase (and the entire purchase price) at issue. Even if it could in general, however, Jacobs admittedly does not seek those remedies here. (Doc. 23 at 2, 5, 9-10 ("Plaintiff's Complaint does not seek revocation of acceptance or the repurchase of the subject RV.")); *see also Burns v. Winnebago Indus., Inc.*, No. 8:10-cv-1441-T-24-MAP, 2010 WL 3190233, at *2-3 (M.D. Fla. Aug. 11, 2010). And while Jacobs asked for the full purchase price in a pre-suit demand letter (Doc. 1-6 at 5), that is not dispositive on the amount in controversy. *E.g.*, *Carpenter*, 2018 WL 8244571, at *2. The letter does not establish the amount at issue; instead, it reflects mere "puffing and posturing" without showing the RV repair costs or diminished value. *See id.* So the purchase price is not necessarily the disputed amount.

Rather, under the proper diminished-value damages calculation, the amount in controversy is undetermined. Jacobs purchased the RV for $200,218. Yet neither party offers the value of the defective RV when Jacobs bought it.[3] So the difference between the RV's purchase price and value at the time of acceptance is unknown. *See Braunm*, 2019 U.S. Dist. LEXIS 12259, at *2-3; *Messmer v. Thor Motor Coach, Inc.*, No. 3:16-cv-1510-J-34JBT, 2017 U.S. Dist. LEXIS 7236, at *5-6 (M.D. Fla. Jan. 19, 2017). It is Thor's burden to establish the amount in controversy. By providing no evidence on the cost of

---

[3] While Thor offers a resale value of similar RVs through an affidavit (Doc. 1-10), it fails to establish the value of *this RV at the time of acceptance*. The affidavit also looks at the wholesale value of an RV—what a dealership would pay a manufacturer. (Doc. 1-10 at 2). But the purchase price is a retail value—what a consumer paid a dealership. Those figures are like apples and oranges, yet the affidavit does not explain how to compare them.

4

repairs or diminished value, it failed to show by a preponderance of the evidence that $50,000 is at issue. *See, e.g.*, *Carpenter*, 2018 WL 8244571, at *3; *Satsky v. Aston Martin Lagonda of N. Am. Inc.*, No. 9:18-cv-80056-RLR, 2018 WL 8139342, at *1 (S.D. Fla. Mar. 9, 2018). Thus, remand is appropriate. And all other motions are denied as moot.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 23) is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. All other Motions (Docs. 5; 14; 31) are **DENIED as moot**.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

4. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of August 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record